## Case No. 10,166.

### NEW JERSEY STEAMBOAT CO. v. PLEASONTON.

[8 Blatchf. 259.] [1]

Circuit Court, S. D. New York. Feb. 18, 1871. [2]

INTERNAL REVENUE—GROSS RECEIPTS STEAMBOAT COMPANY FOR CARRIAGE OF PASSENGERS—ACT JUNE 30, 1864, AS AMENDED JULY 13, 1866.

1. Section 103 of the internal revenue act of June 30, 1864 (13 Stat. 275), as amended by section 9 of the act of July 13. 1866 (14 Stat. 135), is to have full operation, according to its plain terms.

2. Under that section, the "gross receipts" of a steamboat company from passengers carried by it in its steamboats. includes receipts not only for the carriage of passengers, but for the use of berths and staterooms.

[This was an action by the New Jersey Steamboat Company against Alfred Pleasonton, collector of internal revenue, to recover the amount of a tax alleged to have been unlawfully exacted.]

William P. Prentice. for plaintiffs.

Henry E. Davies, Jr., Asst. Dist. Atty., for defendant.

WOODRUFF. Circuit Judge. (1) I am of opinion, that when, by the act of July 13th, 1866, (14 Stat. 98,) in section 9 thereof, (page 135,) congress struck out of the internal revenue law the former section 103, and re-enacted it, with such modifications as .were deemed proper, and, in the same act, by section 70, (page 173,) declared, in express terms, that "all provisions of any former act, inconsistent with the provisions of this act, are hereby repealed," they left to us no alternative but to say, that section 103, as then re-enacted, with the modifications then made, is to have full operation, according to its plain terms.

(2) I am also of opinion, that the plaintiffs' attempt to withdraw from the designation of "gross receipts from passengers," a portion thereof, because they discriminate, in their charge to passengers, assigning a portion to the mere right of passage and a portion to the use of the berth or the stateroom in which the passenger necessarily passes a portion of the period of carriage, is not warranted by the law or by the sensible meaning of the language, "gross receipts from passengers." Those receipts are what the passenger pays for carriage. with its usual and necessary incidents. As well, in my opinion, might railroad companies, who are included in the same section, make discriminating charges, one for the mere carriage of the passenger, and another for a seat, and then claim the deduction of the latter from their gross receipts, as not taxable.

[1] [Reported by Hon. Samuel Blatchford. District Judge. and here reprinted by permission.]

[2] [Affirmed in 18 Wall. (85 U. S.) 478.]

The defendant must have judgment, with costs.

[This cause was carried by writ of error to the supreme court. where the judgment of this court was affirmed. 18 Wall. (85 U. S.) 478.]